ELIZABETH S. JOHNSON *vs.* HOWARD E. JOHNSON and others.

December 2, 1884.

Will — Election — Bequest to Widow of Testator — Widow held also entitled to Legal Share in Lapsed Devise.—On November 5, 1879, J. executed his last will and testament, bearing date of that day. The first clause provided as follows: "*First,* I give and bequeath to my beloved wife, Elizabeth S., *in addition* to the amount *now* allowed her by law out of my *estate, and which it is my will she shall have on my decease,* my gold watch and chain." By subsequent clauses he devised and bequeathed all the rest, residue, and remainder of his estate, real and personal, in certain specific shares and portions, to his four children. The testator died March 16, 1883, leaving surviving him his widow and three of the children named in the will, the fourth having died without issue in the life-time of the testator. *Held, first,* that, under the will, the widow was entitled, in addition to the watch and chain, to the same share of the estate as she would have been entitled to under the law in force at the date of the will, had the testator died wholly intestate; *second,* that in addition thereto the widow was entitled, *under the statutes of descent and distribution,* to one-third of the devise and legacy which lapsed by reason of the death of the devisee and legatee without issue during the life-time of the testator.

Appeal by defendants, the heirs-at-law of Edward W. Johnson, deceased, from an order of the district court for Steele county, *Buckham,* J., presiding, modifying a decree of distribution in the probate court of that county, from which the plaintiff (widow of the decedent) had appealed on questions of law alone.

v.32—33

*A. C. Hickman,* for appellants.

*Burlingame & Crandall,* for respondent.

MITCHELL, J.   On November 5, 1879, Edward W. Johnson executed his last will and testament, bearing date of that day, the provisions of which were as follows: *"First.* I give and bequeath to my beloved wife Elizabeth S. Johnson, *in addition* to the amount *now* allowed her by law, out of my *estate, and which it is my will she shall have on my decease,* my gold watch and chain." By subsequent clauses he then devised and bequeathed all the rest, residue, and remainder of his estate, real and personal and mixed, in certain specified shares and portions, to his four children, Howard E., Carrie M., Anna E., and Estelle B.   The testator died March 16, 1883, possessed of real and personal estate, and leaving surviving him his widow and three of the children named in the will; the other, Anna E., having died without issue in the life-time of the testator.

The question before us is, who is entitled to the share devised and bequeathed to Anna E., and which lapsed by reason of her death during the life-time of her father?   The probate court held that the widow was only entitled to one-third of the estate, real and personal, and that the whole of the lapsed devise and legacy went to the three surviving children as the heirs-at-law of the father.   The district court, on appeal, held that the widow was entitled *under the will* to one-third of the estate, and, in addition thereto, was entitled, under the statutes of descent and distribution to one-third of the lapsed legacy.   The determination of the question will largely depend upon the construction to be given to the first clause of the will.   The contention of counsel for the children, as we understand him, is that under the will the widow is only given the watch and chain, and that the third of the estate she takes, not under the will, but under the statute.   We do not agree to this construction.

Taking the intent of the testator as always the leading inquiry in construing a will, we think it is clear, from the language used, that he meant to give his wife what she would have received under the statute *then* in force had he died intestate, and, in addition thereto, the watch and chain; and that the then existing law is referred to by him, not as the *ground* of her claim, but as the *measure* of it.   Vari-

ous expressions in this clause point clearly to this construction. For example, the bequest is of the watch and chain "*in addition*" to the amount now allowed her by law. Then, again, notice the expression "*now* allowed by law." Whenever a testator refers to an actually existing state of things, as by the use of this word "now," his language is referable to the date of the will, and not to his death. 1 Jarman on Wills, 318; *Hutchinson* v. *Barrow*, 6 Hurl. & N. 583. It was, therefore, the law in force *at the date of the will* from which it was to be ascertained what he intended her to have, and not the law in force *at his death*, as would have been the case had she been left to claim under the statute. Then, again, in speaking of the amount then allowed her by law out of his estate, he adds, "and *which it is my will that she shall have* on my decease." The use of the expression "out of my *estate*" is also significant. The word "estate" includes personalty as well as realty. Now, the testator had in his will in terms disposed of all his property. As against this testamentary disposition, if left to claim under the statute, the widow would have been entitled only to a life-estate in the homestead, and one-third of all the other lands of her husband. She would not have been entitled to any distributive share of the personal property. Hence, if she was entitled to one-third of the personalty, as all parties agree that she was, it was under the will and not under the statute. Therefore, when counsel for the children say that the language of the will "shows that the testator intended that his wife should receive from his estate just what she would have received if he had died intestate," it seems to us that he concedes the whole thing. As bearing on the construction of this will, see *Kelly* v. *Reynolds*, 39 Mich. 464; *Stineman's Appeal*, 34 Pa. St. 394.

Under the will, therefore, the testator gave his widow what the law *then* in force would have given her in case of his intestacy; that is, the homestead for life, one-third of his other real estate, and one-third of his personal property. This she became entitled to by the will. The death of any one of the other legatees or devisees did not lessen or deprive her of her share under the will, but simply changed the distribution of the part left without an owner by reason of the death of the legatee and devisee in the life-time of the testator. Of this

part he died intestate. His intestacy was of only a part of his estate. His widow was therefore put to no election between her share under the will and this undisposed of portion of the estate. Her acceptance of the provision under the will was not a waiver of her right to share in the distribution of the lapsed estate. It cannot be said that it was the intent of the testator that she should take the provision for her under the will in lieu of any share in the estate which lapsed, for he thought of no lapse, and had not in contemplation dying intestate as to any part of his estate. The testator, by reason of this lapse, having died intestate of this portion of his estate, the statutes of descent and distribution must govern. Under them the widow was entitled to one-third.

Order affirmed.