In the matter of the last will and testament of HENRY RAUSCH, deceased.

June 11, 1886.

**Married Women—Release of Contingent Interest in Husband's Real Estate.**—A married woman cannot release to her husband her contingent or inchoate interest under the statute in his real estate, so as to exclude her, as widow, from "dower."

**Same—Interest in Husband's Personal Property.**—A widow is only entitled to an allowance or distributive share, under the statute, of such personal estate of her husband as was not lawfully disposed of by his last will.

The will of Henry Rausch, deceased, was duly proved in the probate court for Stearns county. This will in terms devised and bequeathed all his estate to his children. Maria Rausch, the testator's widow, duly applied to the probate court to assign to her the homestead for life, and one-third of the other real estate of the decedent, and also certain portions of the personalty, with an allowance for support. The executor opposed the application, and offered in evidence the following agreement referred to in the opinion as Exhibit A, viz.:

"Know all men by these presents: That I, Maria Rausch, of the county of Stearns, and state of Minnesota, for and in consideration of the sum of one hundred dollars to me in hand paid by my husband, Henry Rausch, of said county and state, the receipt whereof is hereby acknowledged, and the further sum of three hundred dollars agreed to be paid me by said Henry Rausch two years after date hereof, with interest at 8 per cent. per annum, do remise, release, convey, assign, and set over unto the said Henry Rausch, his heirs or legal representatives, all my right, claim, interest, demand, or estate, of whatsoever kind or nature, in and to any and all real or personal property or estate now owned or hereafter acquired by said Henry Rausch in or to which I have or might have any interest, claim, or demand by reason of being the wife of said Henry Rausch; and in consideration of the premises, I further hereby covenant and agree to make

no demand directly or indirectly upon said Henry Rausch, his heirs or legal representatives, for aid or contribution for or toward my future maintenance and support by reason of marital relation existing between us, and for myself, my heirs or assigns, to hold him, his heirs or assigns, hence forever free from any or all charges, claims, or demands on my account by reason of being the wife of said Henry Rausch.

"In witness whereof I have hereunto set my hand and seal this 17th day of September, A. D. 1883.

                                        "Maria Rausch.    (Seal.)

"Signed, sealed, and delivered in the presence of

       "Jacob Lemm,

       "Michael Miller.

"*State of Minnesota, County of Stearns—ss:*

"On the 17th day of September, personally came before me Maria Rausch, to me known to be the identical person described in and who executed the foregoing instrument, and she acknowledged the same to be her own free act and deed.

                                        "Oscar Taylor,

(Notarial Seal.)                        "Notary Public, Minn."

The probate court denied the application. On appeal to the district court, the order of the probate court was reversed by *Collins*, J., and that court was directed to assign to the widow "her dower rights and statutory allowances out of the estate of her said husband." The administrator *de bonis non* appeals from the judgment of the district court.

*Oscar Taylor*, for appellant.

*Chas. L. Lewis* and *D. W. Bruckart*, for respondent.

MITCHELL, J. Assuming the instrument (Exhibit A) to be in terms sufficient, if valid, to effect such a result, the question in this case is whether a married woman can, by contract with her husband, release and relinquish to him her incipient or inchoate interest as wife in his real estate, so as to exclude her, as widow, from dower. We use the term "dower" because although "dower," strictly so called, no longer exists in this state, yet the provisions of the present statute for the

widow in the real estate of her deceased husband are rather in the nature of· an enlargement than an abolishment of dower, and this inchoate right, under the statute, is of the same general nature as the inchoate right of dower at common law. It was a well-established rule of the common law that a wife could not relinquish her dower in the real estate of her husband by executing a release to him. 2 Scrib. Dower, 309. It is true that in equity deeds of separation of husband and wife, made through the agency of a trustee for the wife, would be enforced if their object was actual and immediate, and not contingent or future, separation, and, if so provided in them, might exclude her from dower and distribution in her husband's estate. Cord, Rights Marr. Wom. § 114a, *et seq.* But, whatever may have been the rule in equity, the power of the wife, even by a deed of separation, to release to her husband her inchoate statutory right in his real estate is excluded in express terms by the statute, which declares that "no contract between a husband and wife, the one with the other, relative to the real estate of either, or any interest therein, shall be valid." Gen. St. 1878, *c.* 69, § 4. The inchoate interest of the wife in the real estate of the husband, while it is not an estate, or even a vested interest, yet is a valuable, although contingent, interest in real estate, and a release of it is "a contract relative to an interest therein," within the meaning of the statute.

As the husband died testate as to all his property, his widow would not, in any event, be entitled to any allowance or distributive share out of his personal property. Gen. St. 1878, *c.* 51, § 1; *Johnson* v. *Johnson,* 32 Minn. 513, (21 N. W. Rep. 725.) Hence it becomes unnecessary to consider whether this release would have excluded respondent from distribution had her husband died intestate.

The judgment of the court below must therefore be affirmed wherein it adjudges respondent entitled to an assignment of her statutory rights in the real estate, but reversed wherein it adjudges her entitled to the statutory allowance out of the personal property of her husband.

Ordered accordingly.