ANNA KAJSA JOHNSON v. JOHN P. LINSTROM and Others.[1]

April 15, 1904.

Nos. 13,776—(40).[2]

**Will.**

A will executed in 1888 provided: "Second. It is my will that my wife, Anna Kajsa Johnson, shall have such share and part of my estate, both real estate and personal property, as she may be entitled to under the statutes of the state of Minnesota, as the same may provide at the date of my decease. Third. I do hereby give, devise and bequeath all the rest and residue of my estate, both real estate and personal property, of which I may die seized or possessed unto the children of [naming a certain sister and brother], who may be living at the date of my decease." The will having been executed prior to, and the testator having died after, the time the present Probate Code went into effect, *held*, the surviving wife took the same interest in the husband's estate as she would have taken had he died intestate.

From a final decree of the probate court for Nicollet county assigning the residue of the estate of Gustaf Johnson, deceased, to plaintiff, defendants, nephews and nieces of deceased, appealed to the district court for said county. The case was tried before Webber, J., who found in favor of plaintiff, affirming the decree. From an order denying a motion for a new trial, defendants appealed to the supreme court. Affirmed.

*A. A. Stone* and *A. R. Pfau,* for appellants.

*G. S. Ives,* for respondent.

LEWIS, J.[3]

In 1888 Gustaf Johnson executed his last will and testament, which contained the following provisions:

> Second. It is my will that my wife, Anna Kajsa Johnson, shall have such share and part of my estate, both real estate and personal property, as she may be entitled to under the statutes of

[1] Reported in 99 N. W. 212.          [3] DOUGLAS, J., ill, took no part.
[2] April, 1904, term.

the state of Minnesota, as the same may provide, at the date of my decease.

Third. I do hereby give, devise and bequeath all the rest and residue of my estate, both real estate and personal property, of which I may die seized or possessed unto the children of [naming a certain sister and brother], who may be living at the date of my decease.

In October, 1899, the testator died, leaving, him surviving, the wife mentioned in the will, but there were no children. At the time of the execution of the will the statute provided that the surviving wife whose husband died intestate was entitled to a life estate in the homestead and to an undivided one-third interest in the real estate. The Probate Code, which went into effect on April 24, 1889, provided that under such circumstances the surviving wife should receive the homestead in fee, and also all of the real estate of the deceased husband. The personal property was devised in this case, and the question before the court is: What was the intention of the testator in executing this will? Did he intend that his wife should receive the entire estate, if the law should so provide at the time of his decease, as to intestate estates? Or did he intend to limit the portion she should receive to the interest provided by the statute at the time of the execution of the will, and that his nieces and nephews should receive the residue?

What was in the mind of the testator is not entirely clear, but, if possible, his meaning must be ascertained from a consideration alone of the language used in the instrument. The insertion of the words, "as she may be entitled to under the statutes of the state of Minnesota as the same may provide at the date of my decease," is clear, and evidently introduced for a purpose. If it was the intention of the testator to limit the portion of his wife to the statutory provisions then in force, why was this language employed? On the other hand, if he had contemplated that the law might be changed at some time prior to his death, and if he wished her to take such proportion of his property as the law might then provide, it would be difficult to express his meaning in language more explicit. Probably the testator did not contemplate that such a sweeping change would be made, and it may be assumed that he expected that, whatever the amendments, there would

remain at least some portion for distribution under the residuary clause of his will. However, having so clearly expressed the intention that his wife should have the benefit of whatever interest the statute conferred with reference to intestate estates, at the time of his decease, it will be necessary to find other language in the will in conflict therewith. There is nothing bearing upon the question, except the residuary clause, and that is incidental to the main provision for the wife. The fact that the testator assumed that there would be a residue is not sufficient to overcome the explicit declaration in the preceding section. The case of Johnson v. Johnson, 32 Minn. 513, 21 N. W. 725, has some bearing, and may be consulted with profit.

Order affirmed.