# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

## HILMA CHRISTINA NELSON v. NELS VASSENDEN.[1]

### June 9, 1911.

### Nos. 17,109—(128).[2]

**Contract between husband and wife — consideration.**

A promise by the husband to make a payment to his wife, in discharge of his obligation to provide for her support after a divorce granted to her, not entered into to facilitate the granting of the divorce, is based on a consideration, and is valid.

**Same — failure to include agreement in decree of divorce.**

The fact that such agreement is not embodied in the divorce decree subjects it to the closest scrutiny to determine that it was not made to facilitate the divorce, but does not render it invalid, if not in conflict with the decree.

**Correction of instrument.**

An agreement having been made which is not expressed in an instrument, such instrument may be reformed by inserting appropriate words to express the agreement, although such words differ from those mistakenly adopted by the parties to express such agreement.

---

[1]Reported in 131 N. W. 794.　　　　　　　　　[2]April, 1911, term calendar.
115 M.—1.

Action in the district court for Polk county against the administrator of the estate of Arne Nelson, deceased, to recover $1,025 and to reform a contract by striking out the words "but in no event shall the amounts required to be paid exceed the amounts required to be paid by the judgment," and inserting the words found in the first paragraph of the opinion. The answer admitted the execution of the contract but alleged it was made without any consideration whatever. The case was tried before Watts, J., who made findings of fact and as conclusion of law found in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Ole J. Vaule* and *William P. Murphy,* for appellant.
*Eric O. Hagen* and *W. E. Rowe,* for respondent.

SIMPSON, J.

This action was brought against the administrator of the estate of Arne Nelson, deceased, to reform a contract and recover $1,025 claimed thereunder. Arne Nelson and plaintiff were for some time prior to January 31, 1905, husband and wife. On that day the plaintiff, upon a cross-bill filed in an action for divorce brought by Arne Nelson, was granted a divorce, and by the decree was given as alimony some personal property and a stipulated monthly payment, to continue during the term of her natural life or until she should marry. On the same day the plaintiff and Arne Nelson entered into a contract, the one here involved, which contained recitals of the granting of a divorce and the provision made in the decree for alimony, and provided, for the express purpose of properly providing for the plaintiff in case of Arne Nelson's death, that in case he should die within six years the plaintiff should be paid out of his estate the sum of $2,000, less such sum as had already been paid her in monthly payments under the decree. The contract further in terms provided: "But in no event shall the amounts required to be paid exceed the amounts required to be paid by the judgment." The reformation of the contract asked for was the striking out of the clause quoted above, and the insertion in lieu thereof of the clause, "provided that the said Hilma Christina Nel-

son, party of the second part herein, shall then be living and unmarried." $975 was paid as alimony under the decree. Arne Nelson then died, and this action was brought to recover the balance of the stipulated $2,000.

The court, in its findings, in addition to the facts above stated, found that the contract was entered into after the court, upon the trial of the divorce action, had announced its decision to grant an absolute divorce to the plaintiff herein; that it was intended thereby to make a provision for the plaintiff, without the same becoming a lien on said Arne Nelson's property during his lifetime; and that thereby the plaintiff was induced to consent to, and to announce to the court her satisfaction with, the award of alimony in the decree. The court further found that before the contract was signed it was agreed between the parties thereto that, if the plaintiff herein should die or marry, all right to further payments, as well under the contract as under the decree, should terminate, and that for the purpose of expressing such agreement the above-quoted clause was interlined in the contract, and that the contract, reformed as asked for in the complaint, expressed the agreement of the parties then made.

From these facts the court concluded that the plaintiff was entitled to the decree and judgment of. the court reforming the contract as asked, and for the recovery of the sum of $1,025 and interest. From an order denying his motion for a new trial, defendant appeals.

1. By eleven assignments of error the defendant raises the point that the contract, as made, is against public policy and void. In support of his claim that the contract is void, he urges that the evidence shows that it was made to induce the plaintiff to obtain a divorce, that it was without consideration, and that the decree determines and fixes the right of the plaintiff to payments out of the property of her former husband. While the testimony is conflicting on some material matters, there is ample evidence to sustain the findings of the trial court to the effect that the contract was not made to facilitate the granting of a divorce, that it was a fair agreement in settlement of the property rights of the parties, and that solely because of the making thereof the plaintiff consented to the

partial provision for alimony in the decree. Under these circumstances, such a contract is not opposed to public policy, is supported by a sufficient consideration, and, not being in any way inconsistent with the provisions of the decree, is of force and valid.

In divorce actions, any agreement between the parties to influence the decision of the court by concealment or misrepresentation is collusive and void, and every agreement made between the parties to a divorce action concerning property rights or alimony is carefully scrutinized by the court, for the purpose of determining that it is not a part of a collusive arrangement to facilitate the granting of a divorce, and that it is not the result of imposition on one of the parties. Adams v. Adams, 25 Minn. 72. A fair agreement between the parties for a payment or division of property, made without collusion as to the procuring of the divorce, is not opposed to, but is in aid of, the orderly and just determination by the court of the question involved in the action.

In this case it is found that the contract in question was made after the court had announced its decision to grant a divorce, and the contract so recites. The parties are presumably able to determine the needs of one and the ability of the other, and when they arrive at an adjustment of property rights, in the absence of evidence of unfairness, such adjustment is, and should be, usually accepted by the court.

The obligation on the part of the husband to contribute from his property or earnings to the future support of his wife after a divorce is granted is so well defined and understood that it is a proper subject for negotiation between the parties. It is a matter of common practice to make payments or transfers of property in discharge of such recognized obligation, without such settlements being embodied in the divorce decree. An agreement for future payments by the husband, fairly entered into in discharge of that obligation, is not a mere voluntary promise, but is based on adequate consideration.

Nor does the fact that the agreement was not embodied in the decree render it invalid. It is in no way inconsistent with the terms of the decree. Its purpose was to put a certain limit on payments

otherwise deemed to depend upon a contingency. The plaintiff, relying on this agreement, and at the request of her husband, to relieve his property from any lien or charge during his lifetime, consented to the omission of this provision from the decree for alimony. If this agreement were to be held void, it would therefore result in one of the very impositions the court seeks to prevent by its scrutiny of settlements between the parties in divorce proceedings. Unquestionably it is better practice to submit such agreements to the court and obtain their incorporation in the decree. The party claiming the benefit of such an agreement is thereby relieved from the very serious burden of establishing that the agreement was free from fraud or imposition, and made without collusion, to facilitate the granting of the divorce.

2. By several assignments of error the point is raised that the evidence does not sustain the findings on which is based the conclusion that the contract should be reformed. The evidence is sufficient to sustain the findings and bring this agreement within the rule that the contract, failing, through a mutual mistake, to express the actual agreement made by the parties thereto, will be reformed to express such agreement. It appears from the evidence that the parties entered into the contract here involved for the purpose of making provision for Mrs. Nelson in case Arne Nelson should die within six years, and to carry out that purpose fixed upon a maximum payment to be made in case of such death. The decree provided that all payments should cease on the death or marriage of Mrs. Nelson. The parties agreed that the contract should not be construed to modify the decree in this respect, and solely to express such understanding interlined in the contract the words, "but in no event shall the amounts required to be paid exceed the amounts required to be paid by the judgment." These words clearly did not express the intended agreement. The agreement actually made was shown. The words substituted express the agreement made. It was not necessary that the parties should have mutually assented to any particular words as expressing such agreement. An agreement may be definitely expressed by many different combinations of words. Crookston Imp. Co. v. Marshall, 57 Minn. 333, 59 N. W.

294, 47 Am. St. 612; Lockwood v. Geier, 98 Minn. 317, 108 N. W. 877, 109 N. W. 245.

There being no error in the matters complained of, the motion for a new trial was properly denied.

Affirmed.