## ANNIE M. HERTZ v. WILLIAM C. HERTZ.[1]

February 23, 1917.

Nos. 20,125—(256).

**Divorce — effect on prior agreement for maintenance.**

> A provision in a separation agreement that the husband shall pay for the maintenance and support of the wife and a certain sum per month "for and during the term of her natural life, or while this separation continues," is not abrogated by a subsequent divorce procured by the husband, the judgment in which makes no provision for the maintenance or support of the wife.

Action in the district court for Ramsey county to recover $680 under a written contract for the support of plaintiff, defendant's wife, during the term of her natural life or while the separation agreed on in the contract continued. The answer set up an absolute subsequent divorce obtained by defendant. The case was tried before Michael, J., who made findings and ordered judgment for $200 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*C. D. & R. D. O'Brien,* for appellant.

*George H. Gerlich, Jr.,* for respondent.

BUNN, J.

Defendant and plaintiff were husband and wife. November 22, 1912, they entered into a written agreement for a separation. Defendant agreed to pay off a certain mortgage on the homestead, to leave such homestead and the furniture therein to plaintiff, and to pay her for her maintenance and support the sum of $40 per month "for and during the

---

[1]Reported in 161 N. W. 402.

term of her natural life, or while this separation continues." Plaintiff agreed on her part to live separate and apart from defendant, and released him forever from any and all claims or demands arising out of the marriage relation, including her statutory rights in his estate should she survive him. The other provisions of the agreement need not be stated. In March, 1913, defendant commenced an action for divorce against his wife. The case was tried, and on July 1, 1914, plaintiff obtained a judgment of divorce. This judgment made no provision for the payment of alimony or for the support or maintenance of the wife. It was affirmed by this court. Hertz v. Hertz, 126 Minn. 65, 147 N. W. 825.

The present action was thereafter brought to recover the monthly payments which defendant agreed to make to plaintiff by the separation agreement. Defendant has made none of these payments since the one due January 1, 1914. The trial court permitted a recovery of $40 per month up to July 1, 1914, when the divorce judgment was rendered, but denied a recovery for the instalments after that time. Judgment was entered on the decision, and plaintiff appeals therefrom.

The question is whether the judgment of divorce operated to annul the provisions of the separation agreement as to the monthly payments for plaintiff's support and maintenance. The learned trial court based its conclusion that the judgment had this effect upon the language of the separation agreement that the payments are to continue for and during the term of plaintiff's natural life, "or while this separation continues." The argument is that "this separation," that is, the separation provided for in the agreement, did not continue after the divorce was granted. This is plausible, but rather technical. It seems to us that the intention was to provide for the wife's support during her life, or while the parties continued to live apart. This is quite strongly borne out by the fact that the divorce judgment was entirely silent as to any provision for the wife's support, and as to the property rights of the parties. Apparently it was thought that the separation agreement took care of these things. It at least seems more than probable that the wife, in not asking for alimony in the divorce case, relied upon the provisions for her support made by the contract. The provision that the payments shall be made "for and during the term of her natural life, or while this separ-

ation continues," indicates an intention that, in case the parties resumed their marital relations, the payment should cease, but can hardly be construed as indicating an intention that divorce should stop the payments. The authorities on this question are hardly in conflict. It is quite uniformly held that provisions of a separation agreement for the support of the wife during life are not abrogated by a subsequent divorce. See note to Galusha v. Galusha (116 N. Y. 635) in 6 L. R. A. 487; note to Baum v. Baum (Wis.) 83 Am. St. 874; note to Stephenson v. Osborne (Miss.) 90 Am. Dec. 370; 9 R. C. L. § 356, and cases in note.

Our conclusion is that the divorce decree did not abrogate or affect the provisions of the separation agreement as to payments to be made for the wife's support. The trial court should have awarded judgment for the monthly payments that became due after the decree, as well as those that accrued before it was entered.

The judgment is reversed, with directions to amend the conclusions of law and give judgment in accordance with this opinion.