UNITED STATES v. HUDSON.

(Circuit Court of Appeals, Eighth Circuit. November 24, 1920.)

No. 5589.

1. **Reformation of instruments $\Longleftrightarrow$36(3)—Bill held to show mutual mistake in patent for land, warranting reformation.**

A bill by the United States, alleging that it sold a tract of public land to defendant by a written contract providing that, on completion of deferred payments, a patent should be issued to defendant, which should contain a provision "reserving to the United States a right of way for canals and public roads constructed or hereafter to be constructed," but that, through inadvertence and mistake the patent issued reserved right of way only for "ditches or canals constructed by authority of the United States," and that since its issuance a road maintained by complainant over the land since 1868 for the use of itself and the public, and the use of which was indispensable in connection with an irrigation system of complainant, had been fenced up and closed by defendant, *held* to state a cause of action for reformation of the patent.

2. **Equity $\Longleftrightarrow$363—Motion to dismiss admits facts well pleaded.**

A motion to dismiss a bill in equity for want of equity admits the facts well pleaded.

Appeal from District Court of the United States for the District of Wyoming.

Suit in equity by the United States against Frank L. Hudson. Decree for defendant, and the United States appeals. Reversed.

Charles L. Rigdon, U. S. Atty., and David J. Howell, Asst. U. S. Atty., both of Cheyenne, Wyo.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Appellant brought this action to reform a patent issued to appellee, June 8, 1917, for the S. E. ¼ section 1, township 2, W. R. M., Wyoming, by inserting in said patent a reservation of a right of way to appellant for a public road constructed or to be constructed through said land, and that when said patent should be so reformed that appellee be ordered to forthwith remove any and all obstructions placed upon said right of way, and that he be enjoined from in any manner interfering with the use of said right of way by appellant as a public highway. Appellee moved to dismiss the complaint for want of equity. The motion was granted, whereupon appellant moved for leave to amend, which motion was also denied. Appellant appeals from said order.

The complaint alleged that appellant sold the land above described to appellee January 30, 1914; that said sale was evidenced by a written agreement, executed by and between appellant and appellee, by the

terms of which appellee was to pay $2,560 for the land, $1,280 cash and balance in deferred payments, evidenced by two promissory notes, payable on or before one and two years after date, with interest at 6 per cent.; a patent to issue for said land upon payment of the notes; that said patent should contain a reservation in the following language:

"Reserving to the United States a right of way for canals and public roads constructed or hereafter to be constructed."

When the patent was issued and delivered by appellant to appellee it contained a reservation in the following language:

"And there is reserved from the lands hereby granted a right of way thereon for ditches or canals constructed by the authority of the United States."

The complaint further alleged that by inadvertence and mistake the patent did not contain a reservation for a right of way for said public roads constructed or to be constructed through said lands. Copies of the agreement to sell and the patent issued in pursuance thereof were attached to the complaint as exhibits. The complaint further alleged that long prior to the year 1868, the Indians, freighters, and trappers had established a trail or road extending from Ft. Washakie to the town of Landers, Wyo., which trail or road passed through the land above described; that in the year 1868 the appellant began the improvement of said road, and since that date had improved, surveyed, and marked said road, and continually since said date, and until appellee obstructed said road, as set forth in the complaint, had kept said road in repair as a public highway; that from the year 1868, up to and until the acts of the appellee had obstructed said road, said road had been continually used as a highway by appellant and the public generally; that by reason of such use of said road as a public highway an easement in the land above described became vested in the public; that said road had been and would continue to be indispensable to appellant in connection with the proper maintenance and operation of its irrigation systems, and especially of the Ray Canal system of irrigation; that many of the most important concrete structures of said canal system could not be reached by any other wagon road; that on or about November 1, 1916, and at other times thereafter and up to the present time, appellee had wrongfully and willfully obstructed said road by building a fence across the same, whereby the public and the appellant were, and still are, prevented from the use and enjoyment of said road. In Hearne v. Marine Ins. Co., 20 Wall. (87 U. S.) 488, 22 L. Ed. 395, the Supreme Court, speaking by Justice Swayne, said:

"The reformation of written contracts for fraud or mistake is an ordinary head of equity jurisdiction. The rules which govern the exercise of this power are founded in good sense and are well settled. Where the agreement as reduced to writing omits or contains terms or stipulations contrary to the common intention of the parties, the instrument will be corrected so as to make it conform to their real intent. The parties will be placed as they would have stood if the mistake had not occurred.

"The party alleging the mistake must show exactly in what it consists, and the correction that should be made. The evidence must be such as to leave no reasonable doubt upon the mind of the court as to either of these points. The mistake must be mutual and common to both parties to the instrument. It must appear that both have done what neither intended. A mistake on one

side may be a ground for rescinding, but not for reforming, a contract. Where the minds of the parties have not met there is no contract, and hence none to be rectified."

[1, 2] This excerpt from the opinion of the Supreme Court states the law which must rule this case. The motion to dismiss admitted facts which were well pleaded. The appellant by the admission of appellee has shown exactly in what the mistake consisted and the correction that should be made. There can be no reasonable doubt in the mind of this court as to either of these points. The mistake consisted of inserting in the patent the language above mentioned, instead of the language which the parties agreed should be inserted by their contract of sale, and it follows that said mistake should be corrected by inserting in the patent the reservation that the parties agreed should be inserted. As both parties agreed that the reservation contained in the contract should be inserted in the patent, and it conclusively appears that said reservation was not inserted, the mistake is mutual; neither party intending the patent should read the way it does. In other words, in the language of the Supreme Court, it appears that both have done what neither intended. The appellant delivered and appellee accepted a patent, which appellant had not intended to issue nor appellee to accept, as shown by their contract of sale. See authorities cited by the Supreme Court in note to above case. The cause of the failure of the patent to express the real agreement between the parties is, in the absence of fraud, not material. Bradford v. Union Bank, 13 How. 57, 14 L. Ed. 49; Stone v. Hale, 17 Ala. 557, 52 Am. Dec. 185; Smith v. Jordan, 13 Minn. 264 (Gil. 246), 97 Am. Dec. 236; Nelson v. Vessenden, 115 Minn. 1, 131 N. W. 794, 35 L. R. A. (N. S.) 1167; Leitensdorfer v. Delphy, 15 Mo. 160, 55 Am. Dec. 137; Ann. Cas. 1914D, 227, note.

The learned trial court gave no reason for its decision, and appellee has not been represented by counsel in this court. We see no reason, however, why the complaint does not state a cause of action in equity for the reformation of the patent and the other relief prayed for.

The decree below is reversed, and the case remanded, with instructions to allow the appellee to answer, if he shall be so advised, and the appellant to amend its complaint, if it shall desire to do so, and to otherwise proceed in the cause not inconsistent with this opinion.