## GEORGE SCHREINER v. RUDOLPH RANWEILER.[1]

November 5, 1926.

No. 25,520.

**Complaint may include prayer for reformation of contract and for damages for its breach as reformed.**

1. A party may, in the same action, ask for the reformation of a contract and for damages for a breach thereof as reformed.

**Same accuracy required in pleading reformation in answer as in initial pleading.**

2. In such an action, where the reformation is set up as a defense in an answer, the facts must be pleaded with the same accuracy and to the same extent as though it were the initial pleading.

**Allegations for reformation and for damages for its breach must be sufficient for both.**

3. Where a pleading asks to reform a written contract and to recover damages for its breach or to enforce it, the allegations must be sufficient for both purposes.

**Good practice requires that copy of instrument to be reformed be attached to or set out in pleading.**

4. Where it is sought to reform a written contract, good practice requires that the instrument to be reformed should be attached to or set forth in the pleading so that from it and the allegations in the pleading it may appear clearly that it does not conform to the real contract made by the parties.

**Particular mistake, how it occurred and that it was common mistake, must be alleged.**

5. Where mistake is relied on, the particular mistake and how it occurred must be set forth and that the mistake was common to both parties.

**Facts constituting fraud, and that the representations inducing execution of instrument were false, must be specifically alleged.**

6. Where fraud is relied on, the pleading must be specific in pleading the facts and circumstances which constitute the fraud, and that

[1]Reported in 210 N. W. 628.

the representations inducing the execution of the instrument were relied upon and were false, and that the pleader was misled thereby.

Reformation of Instruments, 34 Cyc. p. 971 n. 32; p. 972 n. 35; p. 974 n. 48; p. 975 n. 53; p. 977 n. 80; p. 996 n. 93.

See note in 28 L. R. A. (N. S.) 913; 23 R. C. L. pp. 321, 362; 4 R. C. L. Supp. 1500; 6 R. C. L. Supp. 1371.

Defendant appealed from a judgment of the district court for Nicollet county in favor of plaintiff, Gislason, J., in an action to recover rent. Affirmed.

*Mueller & Erickson,* for appellant.

*T. O. Streissguth,* for respondent.

QUINN, J.

Plaintiff owns a farm of 160 acres in Nicollet county. On September 13, 1923, he leased the same to defendant for the farming season of 1924, beginning March 15, 1924, and ending on October 1st, for an agreed rental of $800, to be paid January 1, 1925. Under a verbal arrangement with plaintiff, the defendant entered into possession of the farm about November 1, 1923, and continued to occupy the same until the expiration of the written lease. He paid plaintiff a cash rental for the premises under the oral arrangement to March 15, 1924. Defendant refused to pay the rent of $800 when it became due January 1, 1925, and this action followed to recover the same. Defendant answered and by way of counterclaim sought to have the lease reformed and for damages on account of plaintiff's alleged failure to make certain repairs and improvements to the buildings, fences and well upon the premises, and to have such damages offset against the rent. The cause was tried to the court. Finding were made in favor of the plaintiff for the amount asked for in the complaint. The court expressly found that the allegations of the defendant's answer were untrue except insofar as they admit the allegations of the complaint, and ordered judgment in favor of plaintiff for the amount of the rental provided for in the

written lease. Judgment was so entered and the defendant appealed.

The rule is well established that a party may in the same action ask for the reformation of a contract and for damages for a breach thereof as reformed. Nelson v. Vassenden, 115 Minn. 1, 131 N. W. 794, 35 L. R. A. (N. S.) 1167. But, where the reformation is set up as a defense in an answer, the facts must be pleaded with the same accuracy and to the same extent as though it were the initial pleading in the suit. If the pleading seeks to reform a written contract and to recover damages for its breach, or to enforce it, when reformed, the allegations must be sufficient for both purposes. Delaware Ins. Co. v. Penn. F. Ins. Co. 126 Ga. 360, 55 S. E. 330, 7 Ann. Cas. 1134; Meek v. Hurst, 223 Mo. 688, 122 S. W. 1022, 135 Am. St. 531.

Where it is sought to reform a written contract, good practice requires that the instrument to be reformed should be set forth in the pleading so that from it and the allegations in the pleading it may clearly appear that it does not conform to the real contract made by the parties. The pleading should also show the particular mistake or the fraud and mistake complained of and how it occurred. Here it is sought to reform the lease by inserting the covenants set forth in paragraph 3 of the answer, as follows:

"That plaintiff would, immediately after the defendant took possession of said premises, repair and make useful the well upon said premises and farm so as to provide and furnish ample water supply for the use upon said farm in the proper operation thereof; that he would immediately repair and make serviceable the dwelling and all fences and especially those fences immediately adjoining the buildings, including the barn, for use by the defendant in yarding and pasturing his hogs, horses and cattle, and otherwise make said farm suitable for the purpose for which it was rented so as to enable the defendant to properly carry on farming operations in the usual and customary manner."

Paragraph 4 of the answer is as follows:

"That said contract was prepared by the plaintiff herein and his agents, and submitted to the defendant for execution; that plaintiff

herein, through fraud and mistake in reducing said contract to writing, omitted to insert in said contract the further covenants set forth in paragraph 'three' of this answer, and said contract does not express the real agreement of said parties hereto; that said contract was submitted to the defendant for signature by plaintiff with fraudulent intent and plan to have defendant sign without the insertion of said covenants and it was so signed by the defendant, by mutual mistake of the parties hereto and without expressing the real contract and agreement of said parties."

Where mistake is relied on, the particular mistake and how it occurred must be set forth and that the mistake was common to both parties. Notes: 5 L. R. A. 157; 28 L. R. A. (N. S.) 845, 913. We fail to find any such allegations in the pleading under consideration. Where fraud is relied on, the pleading must be specific in stating the facts and circumstances which constitute the fraud, and that the representations inducing the execution of the instrument were relied upon and were false, and that the pleader was misled thereby. None of these matters appear in the pleading before us. For these reasons the allegations of the answer are not sufficient to entitle defendant to a reformation. Under this view of the answer the rulings upon the admissibility of evidence complained of are not material. If there was error in such rulings it was error without prejudice.

Affirmed.