ZETA ROSE ERICKSON v. HERBERT ERICKSON.[1]

October 31, 1930.

No. 28,057.

[1]Reported in 232 N. W. 793.

*Malmberg & Nelson* and *James E. O'Brien,* for appellant.
, *Keyes, Pardee & Solether,* for respondent.

OLSEN, C.

Defendant appeals from an order modifying a decree of divorce in respect to the alimony therein provided.

Plaintiff was granted a divorce from defendant on November 30, 1923, and was granted the custody of the three minor children of the parties. The decree of divorce provided that defendant pay to the plaintiff as and for temporary and permanent alimony, attorney's fees, and suit money the sum of $1,000 in cash. There were some additional provisions for payments by defendant to aid in support of the children. On March 5, 1930, the court, on application and motion of plaintiff, granted an order modifying the decree of divorce so as to require the defendant to pay to the plaintiff as additional permanent alimony the sum of $150 per month from and after March 10, 1930. It also granted an increase in the amount to be paid by defendant for support of the children, and required defendant to pay attorney's fees and certain expenses incurred by plaintiff. No complaint is now made as to the allowance for support of the children or for attorney's fees and expense items.

█ The evidence is amply sufficient, if not conclusive, to show that there has been such change in the situation and circumstances of the parties since the decree of divorce was entered as to justify the court in amending the decree as to the amount of alimony to be paid. The liberal provisions of G. S. 1923 (2 Mason, 1927) § 8603, clearly authorize such amendments.

█ Defendant challenges the order made on the grounds now to be considered. It appears that the change in his financial circumstances and increase in resources consists of an interest in a trust estate under the will of his father, which became vested by the death of the father in 1928. Under that trust defendant is en-

titled, without qualification, to receive annually from the trustees his share of the income of the trust property and to receive his share of the trust estate in four equal payments or distributions in 5, 10, 15 and 20 years after the father's death. Defendant shows that up to the time the motion was heard he had received only $500 of this income. But the evidence shows that the trust is now fully established and in operation; that defendant's income therefrom is reasonably certain to amount to $5,000 or more a year; and that the trustees are legally bound to pay over such income to him annually. The district court can safely be trusted to protect defendant in case of any unforeseen failure of income.

3. It is also pointed out that the trust property and the income therefrom, while in the hands of the trustees, are not subject to the debts of the beneficiaries, the claims of their creditors, or to any alienation or diversion. The will so provides. The order here made does not seek to reach any property or income while in the hands of the trustees but only requires defendant to pay the sums stated from his own resources after their coming into his ownership and control. When received by him, the income becomes assets in his hands free from the trust. First Nat. Bank v. Olufson, 181 Minn. 289, 232 N. W. 337.

■ It appears that during the pendency of the divorce action the plaintiff and defendant entered into a written stipulation providing, in case a divorce was granted to plaintiff, that the court might embody in its decree an order requiring defendant to pay to plaintiff as and for temporary and permanent alimony, attorney's fees, and suit money, the sum of $1,000 in cash. The stipulation contains the same provision as to aid for support of the children as is contained in the decree. The important part of the stipulation is the next following paragraph reading:

"And in consideration of the payment to said plaintiff by the said defendant of the said sum of One Thousand (1,000) Dollars, the said plaintiff does hereby relinquish any claim, right, or interest she may have in and to any property owned by said defendant at this time or which he may hereafter acquire and in and to any claim

against said defendant growing out of the marriage relation between said plaintiff and defendant and said plaintiff does hereby release said defendant from the payment to her of any attorney fees and suit money in said action."

The court made no mention of the stipulation in its findings, conclusions of law, or judgment. The paragraph just quoted, releasing the defendant from further liability for alimony, was not included in the court's findings, conclusions of law, or judgment. It is the claim of the defendant that the stipulation between the parties was a final property settlement and was adopted by the court in the divorce decree and that the decree cannot now be amended. It may be inferred that the stipulation was known to the court at the time the decree of divorce was rendered and that the court fixed the amount of the alimony on the basis of the stipulation. It may be further inferred that the court intentionally omitted from its decree any reference to the stipulation and refused to adopt or be bound by the release clause therein, above quoted.

Defendant's counsel cites In re Rausch, 35 Minn. 291, 28 N. W. 920; Roll v. Roll, 51 Minn. 353, 53 N. W. 716; McAllen v. McAllen, 97 Minn. 76, 106 N. W. 100; Nelson v. Vassenden, 115 Minn. 1, 131 N. W. 794, 35 L.R.A. (N.S.) 1167; Hertz v. Hertz, 136 Minn. 188, 161 N. W. 402; Vanderburgh v. Vanderburgh, 152 Minn. 189, 188 N. W. 276.

The Rausch case, 35 Minn. 291, 28 N. W. 920, is unrelated to the subject. Roll v. Roll, 51 Minn. 353, 53 N. W. 716, is an action between husband and wife on a contract made between them while living apart. There was no divorce. Under the circumstances there shown the contract was held valid.

McAllen v. McAllen, 97 Minn. 76, 106 N. W. 100, was decided on equitable grounds. The court said [p. 81]:

"No doubt exists as to the power of a court in its discretion to revise and alter decrees adjudging alimony, in the light of subsequent events. * * * The question here is as to the propriety of the exercise of that power under the present circumstances."

The wife was held not entitled to an allowance, not on the ground that she had contracted away her rights, for the contract involved -was held invalid, but on equitable grounds.

In Nelson v. Vassenden, 115 Minn. 1, 131 N. W. 794, 35 L.R.A.(N.S.) 1167, the contract was entered into on the day a divorce was granted to the wife and recited that the divorce had been granted and alimony in a specified sum had been provided in the decree. The agreement was that there should be paid to the wife from the estate of the husband the sum of $2,000, less any alimony paid up to the time of the husband's death. The court found that there was an independent consideration for the contract and permitted recovery, less the alimony that had been paid. In effect the contract was one whereby the husband agreed to pay the wife a sum in addition to that awarded to her as alimony, and, being found supported by a sufficient consideration, the contract was held valid. No question of the power of the court to amend its decree was involved.

Hertz v. Hertz, 136 Minn. 188, 161 N. W. 402, was an action by the wife upon a contract entered into with the husband for her support while they were living apart. The husband afterwards procured a divorce. In the decree of divorce no alimony for the wife was provided. The contract was held not to have been abrogated by the divorce decree. The question of the power of the court to amend the decree of divorce was not considered.

Vanderburgh v. Vanderburgh, 152 Minn. 189, 188 N. W. 276, was an action by the husband to cancel a contract made with the wife for her support while they were living apart. There was no divorce and no question of the power of the court to amend any judgment or decree.

These cases do not appear to be directly in point or to settle the question here presented.

Speaking of agreements of the parties affecting the amount of alimony, 19 C. J. p. 252, states:

"Such an agreement will be sustained if the interests of the wife are amply protected thereby; but the court is not bound by the

agreement and may disregard it, especially where it is unfair and inequitable or the amount is inadequate."

Under our statute giving the court the same powers in revising a decree for alimony as it had in the original action, it seems entirely consistent to hold that it may on such revision disregard an agreement of the parties on the subject.

Warren v. Warren, 116 Minn. 458, 133 N. W. 1009, clearly holds that, notwithstanding the fact that a judgment for alimony is based on a stipulation of the parties, the court has authority to make such modification thereof as the changed conditions and circumstances of the parties may from time to time require.

In Sessions v. Sessions, 178 Minn. 75, 78, 226 N. W. 211, 212, 701, while the modification of the judgment was not there involved, the court said:

"Defendant's contention that the subject of alimony was removed from the jurisdiction of the court by the voluntary action of the parties is as untenable as would be a claim that they could effectively agree upon a divorce and its terms. * * * Parties may not, by agreement, oust the court of jurisdiction to award alimony * * *."

The well considered case of Wallace v. Wallace, 74 N. H. 256, 67 A. 580, 13 Ann. Cas. 293, covers every phase of the question now before us. Attention may specially be called to that part of the opinion which holds that, as that portion of the agreement between the parties releasing the defendant from further claims was not incorporated in the decree, it must be inferred that the judge did not approve of the provision or considered that the court had no power to make such an order. The court also concluded that the lower court had no power to make an award of alimony final and not subject to revision contrary to the statute providing for such revision.

In 58 A. L. R. note p. 639, the general rule is stated to be that where a court has general power to modify a decree for alimony or support, the exercise of that power is not affected by the fact

that the decree is based on an agreement entered into by the parties to the action. A long list of cases is cited.

Defendant cites cases from six or seven states tending in some degree to sustain his position. We prefer to follow our prior decisions and the general rule followed in the greater number of states.

The error assigned on the reception of evidence is found not well taken.

The order appealed from is affirmed and plaintiff allowed $200 as attorney's fees in this court, to be taxed with the costs herein.

It is so ordered.

