SPEAR _v._ SNIDER. 463

---

ORRIN E. SPEAR and another *vs.* SAMUEL P. SNIDER.

October 23, 1882.

Contract—Construed as Severable.—Plaintiff and defendant entered into a written agreement, whereby the former undertook to bore and curb five wells for the latter, at one dollar per foot, and also to furnish, for the same, pipe at 35 cents per foot, and pumps and other appliances at prices specified for each separately. It was further stipulated that, "in case of failure to get good supply of water," plaintiff should have "no pay." *Held*, that the agreement is not entire, but severable; that is to say, it is an agreement for the performance of a part of which (for instance, the completion of a single well) plaintiffs may recover.

Same—Stipulated Damages for Non-Performance.—*Held, further*, that the agreement fixes the consequences to result from plaintiff's failure to complete any one of the five wells, so as to secure a good supply of water, by its stipulation that there shall be no pay in such case.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial.

*Rea, Woolley & Kitchel,* for appellant.

*Charles F. Sawyer,* for respondents.

BERRY, J.    Plaintiffs and defendants entered into a written agreement, whereby the former undertook to bore and curb five wells for the latter, at one dollar per foot, and also to furnish, for the same, pipe at 35 cents per foot, and pumps and other appliances at prices specified for each separately.    It was further stipulated in the agreement that, "in case of failure to get good supply of water," plaintiffs should have "no pay."    The agreement was not an entire one, to be performed for a lump price, but, especially in view of the stipulation last mentioned, it was severable; that is to say, it was an agreement for the performance of a part of which the plaintiffs were entitled to recover, as, for instance, for the completion of a single well.    This construction of the contract disposes of a large part of the defendant's argument upon this appeal.

The evidence in the case tended to show that plaintiffs attempted, in good faith, to bore five or six wells for defendant, but that they succeeded in completing three only.    As to one of these, the evidence as to the supply of water is somewhat conflicting, and not altogether satisfactory, but nevertheless there is testimony going to show that there were nine feet of water in the well when it was completed, and as "fair a flow" as is usually got in "an average well."    To be sure, there. is testimony contradicting this, but in the conflict the question of fact was fairly for the court by which the case was tried, and it is not for us to disturb the result.    As to some other items allowed plaintiffs the testimony is meagre, but we find none which is so entirely unsupported as to make it proper for us to disturb the findings of fact.

The defendant's claim of damages on account of being obliged to haul water, etc., is in our opinion answered by the fact that the agreement is severable, and that it fixes the consequences to result from plaintiffs' failure to complete any one of the five wells so as to secure a good supply of water.    For such they are to have no pay.    They are to lose whatever they have expended upon them.    The complaint

is not exactly what it should have been—perhaps, because the plaintiffs could not get access to the written agreement, which was in defendant's possession. But a recovery was had (evidently upon the same cause of action which the pleader had in mind) upon testimony to which no substantial objection was taken, and which was, in fact, to a considerable extent drawn out or introduced by defendant. Such a result has often been held by this court to cure the defects of a complaint.

Order affirmed.