MARY ROLL *vs.* MARTIN W. ROLL.

Argued Oct. 27, 1892.  Decided Nov. 23, 1892.

**After Separation, Husband's Agreement with his Wife for her Support is Valid.**

Under the statutes of this state, an agreement made between husband and wife after a separation has taken place between them, by which he undertakes to pay her a stipulated sum for her support in consideration of her release of all other claims upon him therefor, is valid, and may be enforced against him by action.

Appeal by defendant Martin W. Roll, from a judgment of the Municipal Court of the City of St. Paul, *Twohy,* J., entered December 24, 1891, for $60 and costs, in favor of Mary Roll, his wife.

The plaintiff and defendant were husband and wife. On June 30, 1887, they entered into the agreement in writing stated in the opinion. They had separated and lived apart for six months prior to that time. Defendant paid his wife $15 each month up to June 1, 1890. This action was to recover the sums falling due in the next four months.

*S. P. Crosby,* for appellant.

The contract between these parties, being husband and wife, cannot be enforced, because the same is against public policy and void. 2 Kent's Com. 176. The common law has not been altered in this state as to this class of contracts by 1878 G. S. ch. 69. *Adams* v. *Adams,* 25 Minn. 72; *Bassett* v. *Bassett,* 112 Mass. 99.

*Morphy, Gilbert & Morphy,* for respondent.

Where the husband and wife are already living apart, or where an immediate or present separation is contemplated, an agreement on the part of the husband to give, and on the part of the wife to accept, a certain agreed compensation in lieu of her right to support, or in lieu of any other claim she may have on him or interest she may have in his property, is upheld. *Hutton* v. *Hutton,* 3 Pa. St. 100; *Bettle* v. *Wilson,* 14 Ohio, 257; *Chapman* v. *Gray,* 8 Ga. 341; *Calkins* v. *Long,* 22 Barb. 97; *Wells* v. *Stout,* 9 Cal. 492; *Gaines* v. *Poor,* 3 Met. (Ky.) 503; *Hitner's Appeal,* 54 Pa. St. 110; *Walker* v. *Walker,* 9 Wall. 743; *Fox* v. *Davis,* 113 Mass. 255; *Randall* v. *Randall,* 37 Mich. 563; *In re Rausch,* 35 Minn. 291.

VANDERBURGH, J. The plaintiff and defendant, husband and wife, entered into a postnuptial agreement, reciting that the parties had made an agreement to live separate and apart from each other, and whereby the defendant, as party of the first part, in consideration of the release by the party of the second part, the plaintiff, of all her right and claim to alimony and support from the party of the first part, "does hereby contract and agree to pay to the party of the second part the sum of $15 per month from and after the 1st day of June, 1887, said sum to be due and payable the 1st day of each month." The plaintiff, in consideration of the prompt and continual payment each month of the said sum of $15 as aforesaid, "hereby releases and discharges the party of the first part from any and all claims which the party of the second part has for alimony and support from the party of the first part; nothing in this agreement to be construed as a release by the party of the second part of any of her rights to the present or future acquired real estate of the party of the first part." It is further agreed that either party may reside wherever such party may choose, free from all interference from the other.

The court finds specially that, prior to the date of the execution of the agreement, the defendant had left the plaintiff, and had ceased and refused to live with her longer, and the parties have ever since lived separate from each other. The agreement, therefore, was not

executed in contemplation of separation, but after it had taken place.

There is no doubt of its validity. The doctrine is well settled, both in England and in this country, at least where a separation has actually taken place between husband and wife, that a covenant or agreement by the husband for the maintenance of the wife is valid, and will be enforced. *Calkins* v. *Long*, 22 Barb. 98; *Walker* v. *Walker*, 9 Wall. 743.

And where the separation exists as a fact, and is not produced or occasioned by the contract, the consideration of the husband's agreement to pay is his release from liability for the support of his wife. *Pettit* v. *Pettit*, 107 N. Y. 679, (14 N. E. Rep. 500.)

Under our statute, such a contract may be made directly between the parties, as in this instance, and the intervention of a trustee is unnecessary. 1878 G. S. ch. 69, § 4.

Judgment affirmed.

(Opinion published 53 N. W. Rep. 716.)

An application for reargument was denied December 6, 1892.