ELIZA J. PHILLIPS v. WADE BLAKER and Others.[1]

May 6, 1897.

Nos. 10,467—(125).

### Mortgage by Husband to Wife—Validity.

G. S. 1894, § 5534, in part reads as follows: "No contract between a husband and wife, the one with the other, relative to the real estate of either or any interest therein, shall be valid." *Held* that, although B. and her husband had separated, a mortgage executed by him to her on his real estate was invalid, and constituted no lien upon such estate.

Appeal by plaintiff from an order of the district court for Itasca county, Holland, J., refusing a new trial. Affirmed.

*J. N. True*, for appellant.

G. S. 1894, § 5534, in using the word "interest" excludes mortgage liens, as a mortgage lien is not an interest in real estate.. 2 Bouvier, Law Dict. Title "Lien." The purpose of the statute was to prevent fraud on the creditors of either husband or wife, and has no application to any case where their rights do not intervene. With this view the decisions of this court have been in harmony. Luce v. Reed, 63 Minn. 5; Johnson v. Branch, (S. D.); 68 N. W. 173; Dillon v. Dillon, 13 Wash. 594. At any rate the record shows that the mortgage here in question was given after the parties had. separated as husband and wife and so was valid. Roll v. Roll, 51 Minn. 353; Pettit v. Pettit, 107 N. Y. 677.

*C. L. Pratt*, for respondents.

BUCK, J. It was stipulated by the counsel for the respective parties that the sole question submitted to the trial court for its decision was as to which of two liens, plaintiff's mortgage in suit or defendant Gilbert's mortgage, referred to in the record, was a first lien on the premises in question. The trial court found that the mortgage of the defendant Gilbert was the first lien, and that finding is brought here for review. But little, if any, question arises upon the facts. The plaintiff, Eliza J. Phillips, was formerly the wife of one John A. Brown, from whom she obtained a divorce. The mort-

1 Reported in 70 N. W. 1082.

gages in question cover lots 1, 2, and 3 in block 19 of Kearney's addition to Grand Rapids, situate in Itasca county, and were once owned by one L. F. Knox, and by him sold to John A. Brown for $300, of which $150 was paid down and the balance on time, upon which lots Brown built a house, in which he and his wife resided; but in the month of February, 1894, they rented the premises to Wade Blaker and wife, who at once commenced to occupy the premises, and have done so ever since.

While Brown was holding these lots under the contract of purchase, he and his wife separated, and on March 1, 1894, while they were still husband and wife, but living apart, he executed to his wife, now the plaintiff herein, a mortgage of $350, to secure several notes upon which there was unpaid at the time of the commencement of this action as principal the sum of $210, which mortgage was recorded in the office of the register of deeds of Itasca county December 24, 1894. On May 17, 1894, plaintiff was granted a divorce from her husband, John A. Brown, but the record does not disclose whether any property rights between them, or between them and others, were adjudicated in the divorce suit.

Subsequently, and in August, 1894, Knox, who still held the legal title to the lots covered by the mortgage given by Brown, and who still held the contract of purchase, conveyed the lots by deed of warranty to the defendant W. C. Gilbert, by the consent of Brown, who surrendered the written contract of purchase to Gilbert, and he recorded his deed in the office of the register of deeds of Itasca county August 24, 1894. Subsequently, and on December 31, 1895, Gilbert and wife deeded the lots to the defendant Jennie Blaker, and this deed was duly recorded January 4, 1896, and she and her husband gave a mortgage back to Gilbert on the same premises January 2, 1896, and which was duly recorded January 4, 1896. The trial court found that before Gilbert purchased the property he had the records examined, and found that plaintiff's mortgage was not then recorded, but that the legal title was then in L. F. Knox, and that Gilbert became and was an innocent purchaser of the premises for a valuable consideration. He so testified, and we do not find sufficient evidence to the contrary to justify a reversal of the finding of the trial court.

But the principal controversy between the two lien claimants, and

the only question necessary to discuss, arises upon the alleged invalidity of the mortgage executed by John A. Brown to plaintiff while she was still his wife. While the claim of the plaintiff seems to be a meritorious one, we are not permitted to disregard the plain mandatory provision of G. S. 1894, § 5534, which in part reads as follows: "No contract between a husband and wife, the one with the other, relative to the real estate of either or any interest therein, shall be valid." Counsel for appellant cites the case of Roll v. Roll, 51 Minn. 353, 53 N. W. 716, as holding that, after a husband and wife have separated, an agreement wherein he promises to pay her a stipulated sum for her support is valid. But the agreement in that case related to personal property, and not real estate, and has no bearing upon the case at bar. The provision of the statute is explicit, and controls this case, and we hold that the alleged mortgage from Brown to plaintiff was absolutely void, and therefore constituted no lien upon the premises in question.

Order affirmed.