ANNA A. BETCHER v. IDA RINEHART.[1]

December 31, 1908.

Nos. 15,953—(148).

**Husband's Contract to Sell Wife's Real Estate.**
  An agreement by a husband to enter into a contract at a stated time
in the future for the sale of real estate owned by his wife is wholly void.

Action on a written lease in the municipal court of Minneapolis
for the restitution of the leased premises. The defense set up that
defendant was occupying the premises under an agreement with
plaintiff's husband for a sale of the property and not under a lease,
and had paid much more than the reasonable rental value of the
premises. The case was tried before Waite, J., and a jury, which
returned a verdict in favor of defendant, pursuant to which judg-
ment was entered. From an order vacating and setting aside the
judgment and granting a new trial, defendant appealed. Affirmed.

*T. P. Wormward,* for appellant.
*Chas. A. Dalby,* for respondent.

BROWN, J.

Plaintiff, the owner, leased certain residence property to defend-
ant for one year at $35 per month. Defendant defaulted in her pay-
ments on December 15, 1907, and in the following January, and this
action, a forcible entry and detainer proceeding, was brought in
the municipal court of Minneapolis for restitution. The defense to
the action was that defendant was occupying the premises under an
agreement for a contract of purchase, and not under a lease, and
that unlawful detainer proceedings cannot be maintained against
her. A verdict was returned in the court below for defendant, which
was set aside on plaintiff's motion, and judgment entered notwith-
standing the same, from which defendant appealed.

Plaintiff is a married woman, and whatever contract or agree-
ment was made with defendant, relative either to the lease or sale
of the premises in question, was made through and by her husband.

[1] Reported in 118 N. W. 1026.

There is no question but that defendant entered into a formal written lease of the premises, which contained no reference to the right of purchase, or subsequent contract for the purchase, of the property, by which she agreed to pay a certain specified monthly rental. It also appears that she paid such rent under the lease until the time of her alleged default in December, 1907; but she contends, to use the language of her brief, that plaintiff's husband, with whom defendant made the contract, and who she supposed was the owner of the property, agreed "that after April 15, 1907, she was to start paying $35 per month for said premises, and that said amount so paid monthly under said instrument (the lease) should be applied to the purchase price of said premises, and that when she had paid the owner $250 she was to have a written contract of purchase for the agreed price of $3,400."

It is further claimed that defendant was deceived and defrauded by the husband, and led by him to believe that she was entitled to and would receive a contract of purchase at the time stated; that she relied upon these representations, and was induced thereby to enter into the lease and take possession of the property, by reason of all of which, she contends, she is entitled to continue in possession of the property as under contract for the purchase of the same. No written contract of the tenor and effect claimed by defendant was ever entered into by the parties. The validity of plaintiff's position rests entirely upon a parol agreement.

Appellant is in error. Whatever contract was made with reference to a sale of the property, being oral, was void under the statute of frauds. It was void, also, for the reason that the agreement, if one was in fact entered into, was made by the husband of the plaintiff for a sale of her real estate, and prohibited by section 3609, R. L. 1905. Van Brunt v. Wallace, 88 Minn. 116, 92 N. W. 521. The trial court, therefore, properly ordered judgment for plaintiff notwithstanding the verdict, unless the evidence was such as to estop her from disputing the alleged contract. We find no evidence in the record to support either a waiver, ratification, or estoppel, conceding for the moment that the doctrine of estoppel or waiver would apply to a case of this kind. There is no evidence that plaintiff ever knew of the alleged agreement for a contract of sale of her property

prior to the commencement of this action, and her acceptance of the monthly payments by defendant would not estop her from denying the validity of the contract when she knew nothing of it when the payments were made. Nor is the determination of the validity of the alleged contract in any way influenced or affected by the failure of plaintiff to object to the evidence tending to establish the agreement. Whether received over or without objection, the effect of the evidence was the same. It showed a void and unenforceable contract, upon which defendant could found no rights.

Order affirmed.