## HANS L. ERICKSON v. GEORGE ROBERTSON.[1]

November 17, 1911.

Nos. 17,322—(170).

**Date of document — parol evidence.**

> Parol evidence that a written instrument bearing date on one day was executed on a different day is competent.

[1] Reported in 133 N. W. 164.

---

[Note]   General rule that parol evidence is not admissible to vary or add to a written contract, see note in 17 L.R.A. 270.

**Husband's consent to wife's devise — consideration.**

> A written consent by the husband to the devise by the wife of her real property does not require a consideration to support it.

**Same.**

> Such consent by the husband is valid and effectual, though given in further-ance of a void written agreement between husband and wife, by which each, in terms, released all interest in the other's real property; the wife having performed her part of the agreement.

Petition to the probate court for Mower county to have set apart to petitioner for his life a certain tract of land as the homestead of his deceased wife. From an order denying the petition he appealed to the district court for that county. The appeal was tried before Kingsley, J., who made findings and as conclusions of law found that the consent of petitioner to the testamentary disposition of the homestead of his deceased wife, and to the terms and conditions of her will, was void, that petitioner never consented in writing to his wife's will, and that the order of the probate court denying petition-er's prayer be reversed and the probate court directed to grant the pe-tition. From an order denying his motion for a new trial and amend-ment of finding, George Robertson, the administrator of the wife's estate, appealed. Reversed.

*Greenman & Greenman,* for appellant.

*French & Sasse,* for respondent.

SIMPSON, J.

The respondent, Hans L. Erickson, filed a petition in the probate court of Mower county, asking that the homestead of his deceased wife be set apart and descend to him during his lifetime. The appel-lant here, administrator with the will annexed of the estate of Bar-bara Erickson, deceased, objected to such application, on the ground that Barbara Erickson, during her lifetime, had by will devised all her real property, including the homestead, to her children, that the respondent, in writing indorsed thereon, had consented to the execu-tion of such will and the devising of the real property, and that the will had been duly admitted to probate.

Upon a hearing in probate court an order was made denying the

petition. An appeal having been taken to the district court from that order, a trial was had upon the issues made by the petition and objections. The district court made its findings of fact and conclusions of law and direction for judgment, reversing the order of the probate court, and directing that the homestead be set apart as asked in the petition of the respondent. The case is brought to this court by an appeal from an order denying a new trial.

As errors are assigned two findings of fact, as not being sustained by the evidence, the rulings admitting oral evidence upon which the findings of fact complained of are in part based, and the refusal of the trial court to substitute for its conclusion of law as found the conclusion that the order of the probate court be affirmed. The findings. of fact so questioned are to the effect: That on October 31, 1901, and at the time the will of Barbara Erickson was made, the respond-ent, Hans L. Erickson and Barbara Erickson, being then husband and wife, entered into an agreement in writing purporting to convey and release, each to the other, the interest which each held in the other's real property; that to carry out the agreement so made, and as a part. thereof, the will of Barbara Erickson, disposing of her real property, was drawn and executed, and the consent thereto of Hans L. Erick-son was written thereon and signed by him, and at the same time the will of Hans L. Erickson was drawn and executed, and the consent thereto of Barbara Erickson indorsed thereon; and, further, that Hans L. Erickson never consented in writing to the testamentary dis-position of the land owned by Barbara Erickson, unless such consent. is embodied in these writings so made.

Upon these findings the court bases its conclusion that the consent. of Hans L. Erickson to the terms of Barbara Erickson's will is null and void, and that he might, after her death, elect to take his share in her property under the statute.

1. The evidence, while far from conclusive on the point that all the three writings referred to were executed at the same time, never-theless sufficiently sustains the findings of fact of the trial court to. that effect.

It appears from the evidence that the lot here involved, constitut-ing the homestead, was conveyed to Barbara Erickson by deed dated

and acknowledged October 1, 1901. The written agreement between herself and her husband was dated October 1, 1901, and the two wills, with the consents indorsed thereon, were dated October 31, 1901. On the other hand, the agreement and the wills were witnessed by the same parties, and Hans L. Erickson testified that they were all drawn and executed on the same day, and the consent of Hans L. Erickson, indorsed on his wife's will, refers to a contract releasing his interest in the property of Barbara Erickson, entered into between himself and his wife, "dated on this date." There is an apparent inconsistency between the dates and the recitals of the instruments. A mistake might well have been made in dating the agreement. The trial court was clearly justified, under the evidence, in finding that such was the fact, and that the agreement was made at the same time the wills were drawn.

2. The testimony of Hans L. Erickson that the three instruments, the contract and the two wills, were signed on the same day, was properly received. This testimony is not open to the objection that it tended to vary the terms of a written instrument. The effect of the oral evidence tending to show that the contract dated October 1, was in fact signed October 31 was to identify it as the contract referred to in the consent indorsed on the will. This did not vary the contents or modify the agreement of the written contract.

3. A more serious objection is the one assigned to the conclusion reached by the trial court, from the facts found, that the consent of Hans L. Erickson to his wife's will is void. The consideration of this question requires a more detailed statement of the contents of the three writings:

(a) The agreement between Hans L. Erickson and Barbara Erickson in terms provides that Hans L. Erickson agrees to cause to be conveyed to his wife a described half block of land, to complete the buildings thereon, and to pay the taxes thereon. It gives to the wife all the household furniture, and provides that, in case she survives him, she shall have a life annuity of $75. He further releases all of his right of dower, homestead, and other interest in the property and estate of the wife. In consideration of the agreements and stipulations entered into by Hans L. Erickson, Barbara Erickson agrees

to release all of her right of dower, homestead, and other interests in and to the property and estate of Hans L. Erickson.

(b) On the same day, as found by the trial court, Hans L. Erickson made his will, devising all his real estate to his children, subject to provisions therein contained in favor of his wife, Barbara Erickson. These provisions carried out the terms of the written agreement between himself and his wife—that is, a life annuity of $75 was bequeathed her, and money set apart to complete the buildings, if not completed before his death. The wife, Barbara Erickson, indorsed thereon her consent to and acceptance of the provisions of this will.

(c) At the same time Barbara Erickson made her will devising all her real property to her daughter. Attached to this will was this acceptance, duly executed by Hans L. Erickson: "I, Hans L. Erickson, husband of Barbara Erickson, of Mower county, Minnesota, the testatrix within named, hereby consent to and accept the provisions of the within and foregoing last will and testament of the said Barbara Erickson, and in consideration of a contract heretofore entered into between myself and the said Barbara Erickson dated on this date, release all of my right to dower, homestead, and other interests in and to the property and estate of the said Barbara Erickson.

"Given under my hand and seal this 31st day of October, A. D. 1901."

The general plan attempted to be carried out by these writings is apparent. Prior to the marriage of Hans L. Erickson and Barbara Erickson, each had been married, and each had children by such former marriage. In addition to the home acquired in the village of Austin, the property here involved, the husband owned a farm, and the wife had some property of small value. The parties evidently desired and agreed that the title to the home should be vested in the wife, and that the property of each should descend to his or her children. In such plan there was no fraud or illegality. The only question arises as to the validity of the means adopted to carry it out. The written agreement between the husband and wife, by which each released to the other interests in real property, was void, being contrary to the statutes of the state. Section 3609, R. L. 1905; In re Rausch, 35 Minn. 291, 28 N. W. 920; Phillips v. Blaker, 68 Minn.

152, 70 N. W. 1082; Betcher v. Rinehart, 106 Minn. 380, 118 N. W. 1026.

It does not follow, however, that the consent of the husband to the will of the wife, disposing of her real estate, is void, even though such consent is given in performance of the void agreement. No consideration was required to support the consent of the husband to the testamentary disposition by the wife of her real property. Such disposition is permitted by the statutes, if consented to, in writing, by the husband. The only part of the written agreement between the husband and the wife which the wife was required to perform was that she should release all right of dower, homestead, and other interest in and to the property and estate of the husband. This she did. She assented to the will of the husband devising to his children his real property. It does not appear that this consent was ever in any way revoked by her, or that she in any way asserted any interest in his estate. Therefore, if we treat the consent of the husband to the disposition of the wife's property as conditioned upon her performance of her part of the written agreement between them, such condition was fully satisfied. The written agreement having been fully performed by the wife, the consent of the husband to the terms of her will, though such consent was conditioned upon the agreement, is valid and effectual. Such consent was never revoked. The only attempt made to revoke the same or to renounce the terms of the will was after the death of the wife and the admission of her will to probate. If the consent of the husband to the wife's devise of her real property was an agreement requiring a consideration to support it, then a different case would be presented.

A somewhat similar situation was presented in Jorgenson v. Minneapolis Threshing Machine Co. 64 Minn. 489, 67 N. W. 364. There a question was raised as to the validity of a deed by a husband and wife to a third party, made in pursuance of a void plan and agreement to transfer real property from the husband to the wife. The court held that, even though this agreement between husband and wife for the transfer of the property to the wife was void, nevertheless the conveyance to a third party, made in performance of such agreement, not being prohibited by the statute, was valid.

The conclusion of law of the court below not being sustained by the findings of fact, the motion of the appellant for a new trial should have been granted.

Reversed.