# EVELYN VANDERBURGH v. WILLIAM H. VANDERBURGH.[1]

## January 21, 1921.

### No. 22,106.

**Husband and wife — contract between them valid as to certain payments.**
The first two payments promised to be made by the defendant to the plaintiff in a post-nuptial contract, which was made after the separation of the parties and is recited in the opinion, are *held* supported by a consideration, and not in contravention of any public policy of the state, and the validity of the contract in other respects is not determined.

Action in the municipal court of Minneapolis to recover $320 on a post-nuptial contract. The answer alleged that the contract entered into between the parties was against public policy and therefore void. The case was tried before Montgomery, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded and interest. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Jay W. Crane* and *W. H. Vanderburgh,* for appellant.
*Sanborn, Graves, Appel & Ordway,* for respondent.

DIBELL, J.

Action to recover upon a post-nuptial contract. There were findings for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

For several years prior to April 16, 1919, the plaintiff and the defendant were husband and wife. On that day they entered into a post-nuptial contract. By this contract the defendant agreed, among other things, to pay the plaintiff $160 on May 12, 1919, and $160 on June 12, 1919. The action is brought to recover these two sums.

The court finds that the parties were living apart when the post-nuptial agreement was made, and at the time these two sums became due,

[1] Reported in 180 N. W. 999.

by mutual consent. The finding is sustained by the evidence. There is no showing that the plaintiff was justified in refusing to live with the defendant. He lived in Minneapolis where his property was. She preferred living in London. Her home was there, except for the few months they lived in Minneapolis. A separation was not initiated by the agreement, for the parties were already separated. The contract was generous to the plaintiff. It gave her an amount measured by one-half of the net annual income of the very considerable property of the defendant. She was to have such portion until by mutual consent they agreed to live together again. She did not surernder her marital rights in his property. The defendant either made a liberal provision for his wife or entered into an improvident contract.

Whether, there being no cause justifying the plaintiff in living apart from her husband, her right under the post-nuptial contract would survive his insistence that they resume marital relations, or a decree of judicial separation or divorce, we need not inquire. There is a consideration for the two payments due when suit was commenced. No public policy is offended by requiring their payment.

The cases of Roll v. Roll, 51 Minn. 353, 53 N. W. 716, and Hertz v. Hertz, 136 Minn. 188, 161 N. W. 402, are cited. They and other cases excellently well collated in the briefs may sometime be important upon the validity of the post-nuptial contract, but we need not consider them now. Nor need we consider whether certain parts of the contract offend the statute which prohibits husband and wife contracting with one another relative to the real property of either. We only hold that the contract is valid as to the two payments to recover which suit is brought.

Order affirmed.