## MARY M. SIMMER v. JACOB SIMMER, JR.[1]

June 21, 1935.

No. 30,037.

*Keller & Chapin,* for appellant.
*Charles E. Bowen,* for respondent.

[1]Reported in 261 N. W. 481.

STONE, JUSTICE.

Action by a wife against her husband for support, tried without a jury, resulting in a decision for defendant. Plaintiff appeals from the order denying her motion for a new trial.

The action was commenced in 1933. The defense was a separation agreement entered into by plaintiff and defendant March 24, 1925. It provided for dismissal of pending divorce proceedings; division of certain money and personal property; payment by husband of support money to wife; education and custody of minor children; and payment of attorney's fees. The agreement was to "continue to be in full force and effect for a period of three years" from its making.

1. Assuming without deciding that the provisions for mutual release from unexcepted claims (soon to be quoted) arising out of the marriage relation are not nullified now by the three-year limitation, the separation agreement would probably be valid, and consequently a defense to this action, if it contained no provisions other than those above summarized. 9 R. C. L. 524; Hill v. Hill, 74 N..H. 288, 67 A. 406, 12 L.R.A.(N.S.) 848, 124 A. S. R. 966 (annotated); note on "Validity of contract between husband and wife to compromise pending or contemplated divorce suit," at 60 L. R. A. 406; Roll v. Roll, 51 Minn. 353, 53 N. W. 716; Vanderburgh v. Vanderburgh, 148 Minn. 120, 180 N. W. 999; Id. 152 Minn. 189, 188 N. W. 276; Restatement, Contracts, § 584.

But here another question is presented because the agreement provided:

"In consideration of the premises and of the faithful fulfillment by the said Jacob Simmer of all the conditions of this agreement by him to be performed, she [plaintiff] releases him forever, and in every respect from any and all claims of every name, nature and description or demands upon her part against him, arising out of their marriage relation, excepting only such as are preserved by this agreement. *And she further agrees that she will at any time, upon demand, join with the party of the second part and execute any conveyance or encumbrance which he may desire to make of or con-*

*cerning any of his real property that he may acquire during the pendency of this agreement.*

"And the said Jacob Simmer, upon his part, in consideration of the premises, agrees to and does hereby surrender any and all claims and demands which he might have or hold against the separate property or any property that the said Mary M. Simmer may hereafter acquire during the existence of this agreement by reason of the marriage relation, and does hereby release said Mary M. Simmer, and her estate from any and all such claims *and he further agrees that he will upon demand join with her in any conveyance or encumbrance which she may desire to make of or upon any of her separate real property or any property that she may acquire during the pendency of this agreement."* (Italics supplied.)

It has long been the law of this state that "no contract between husband and wife relative to the real estate of either, or any interest therein, nor any power of attorney or other authority from the one to the other to convey real estate, or any interest therein, shall be valid." 2 Mason Minn. St. 1927, § 8621. The above quoted provisions clearly attempt what is expressly prohibited by that statute and are therefore void. 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 4282. The statute is applicable where husband and wife are living apart. Phillips v. Blaker, 68 Minn. 152, 70 N. W. 1082. It renders void a direct conveyance from one spouse to the other. Luse v. Reed, 63 Minn. 5, 65 N. W. 91; Phillips v. Blaker, 68 Minn. 152, 70 N. W. 1082; Betcher v. Rinehart, 106 Minn. 380, 118 N. W. 1026; Snortum v. Snortum, 155 Minn. 230, 193 N. W. 304. A wife cannot release to her husband her statutory interest in his realty. In re Rausch, 35 Minn. 291, 28 N. W. 920; Erickson v. Robertson, 116 Minn. 90, 133 N. W. 164, 37 L.R.A.(N.S.) 1133, Ann. Cas. 1913A, 493. An executory contract to convey or release is just as plainly within the condemnation of the statute. The separation agreement involved in Hertz v. Hertz, 136 Minn. 188, 161 N. W. 402, did include an attempted release by the wife of her statutory rights in the husband's real estate should she survive him; but no question as to the effect of that release was raised, and so the decision does

not touch the point. Part performance does not take such a case out of the statute. Laird v. Vila, 93 Minn. 45, 100 N. W. 656, 106 A. S. R. 420.

We are dealing with an explicit statute couched in plain language and with a plain purpose. It calls for no construction. None is permissible that will save this contract. Our plain duty is to enforce the statute as it stands and nullify all contracts in violation of it. If the results are undesirable and the law should be so changed as to prevent them, the problem is for the legislature.

The argument for defendant, that the only purpose of 2 Mason Minn. St. 1927, § 8621, is to prevent one spouse from conveying real estate or any interest therein directly to the other, is erroneous. The statute invalidates a contract of any kind between husband and wife in respect to the real estate of either. That intention could not be made plainer. Husband and wife are forbidden to enter into any executory agreement with each other to join in future conveyances. But the law does not prohibit spouses joining with each other, as vendors, in an executory contract with a third party, as vendee, to convey the property of either, or the joint property of both, any more than it forbids their joint conveyance of such property. The intention that neither shall give the other, by agreement between the two, any interest in or control over real estate could not be made plainer than by the express prohibition that neither shall give to the other "any power of attorney or other authority * * * to convey real estate or any interest therein." Even the homestead may be conveyed by husband and wife jointly, although an attempted conveyance by either of them alone would be void. 2 Mason Minn. St. 1927, § 8340. The rule that the real property of one spouse may be legally conveyed to the other through the medium of a third party has nothing to do with the problem. Such a conveyance is not in violation of the statute, although an executory agreement between the spouses to make such a conveyance would be invalid because of the statute. Jorgenson v. Minneapolis T. M. Co. 64 Minn. 489, 67 N. W. 364. To the same effect is Erickson v. Robertson, 116 Minn. 90, 133 N. W. 164, 37 L.R.A.(N.S.) 1133, Ann. Cas. 1913A, 493.

The fear expressed by counsel that our application of 2 Mason Minn. St. 1927, § 8621, is in derogation of the right of husband and wife to join in conveyances of real estate is wholly unfounded, as fears always are when they overlook factors which render impossible the supposed danger. In the instant case the apprehension expressed is rendered wholly groundless by 2 Mason Minn. St. 1927, § 8196, declaring that "a husband and wife, by their joint deed, may convey the real estate of either."

2. It is argued that the illegal promises are severable and therefore do not invalidate the whole contract. But by their own terms they were made in consideration "of all the conditions of this agreement." So also were the lawful promises. Hence the illicit is not severable from the licit, and the whole agreement is void. With stated exceptions, none of which is here applicable, the rule is that, "where any part of a bilateral bargain is illegal, no promise can be enforced unless not only that promise is legal but a corresponding legal promise is, by the terms of the bargain, apportioned as consideration therefor, nor even in that case if the illegal portion of the bargain is an essential part of it." Restatement, Contracts, § 607. Put in another way, the general rule is that where the illegality so far pervades the entire bargain that no set of its reciprocal promises can be said to be unaffected thereby, and unrelated thereto in respect to the inducement of consideration, the whole must fall. The reason is thus put in Comment *a*, § 607, of the Restatement:

"It is requisite for the formation of a bilateral contract that there be sufficient legal consideration on both sides. If, therefore, a promise is made by A to do something lawful while B promises to do two things, one lawful and one unlawful, there can be no recovery on either side. B cannot recover because part of the consideration for the defendant A's promise is unlawful. A cannot recover even on B's lawful promise because since his own promise is unenforceable it is itself insufficient consideration for B's promise."

This is not a case where the legal promises can be apportioned or related exclusively to one another. It cannot be said that "the

illegal portion of the bargain does not go to its essence" so that "the legal part may be enforced." Restatement, Contracts, § 607a.

The rule of severability is illustrated by such cases as these: McGrath v. Cannon, 55 Minn. 457, 57 N. W. 150 (contract for purchase of lumber and hardware severable because in effect two separate contracts simultaneously entered into) ; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792 (contract for purchase of two sets of law books, each having its own price) ; Spear v. Snider, 29 Minn. 463, 13 N. W. 910 (contract to dig five wells at a separately stated price for each) ; Weitzner v. Thingstad, 55 Minn. 244, 56 N. W. 817 (husband's contract for the sale of real estate void as to homestead because not joined in by wife held valid as to other included lands). In contrast, severability was not found in a contract to sell a whole farm, and recovery of part of the commission for sale of part of it was denied in Weber v. Clark, 24 Minn. 354. To the same effect is Bentley v. Edwards, 125 Minn. 179, 146 N. W. 347, 51 L.R.A.(N.S.) 254, Ann. Cas. 1915C, 882.

In short, in this case we find the strands of agreement so inextricably woven together, the lawful with the unlawful, that the result is a seamless fabric which it is beyond our power to divide so as to sever the lawful from the inhibition attending what is unlawful. In fairness to the learned author of the decision below, we should say that the ground of this opinion was not even suggested to him. But the question is so inescapable in any decision as to the validity of the contract that its determination should not be refused. The precise issue has been argued fully here. It follows from the views above expressed that the order under review must be reversed.

So ordered.