HARTFORD ACCIDENT & INDEMNITY COMPANY v. HANS DAHL.[1]

April 1, 1938.

No. 31,611.

[1]Reported in 278 N. W. 591.

*Sexton, Mordaunt, Kennedy & Carroll,* for appellant.
*Doane & Hengel,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order sustaining defendant's general demurrer to its complaint.

The facts pleaded are these: Plaintiff is engaged in the business of underwriting, as surety, official and other bonds. At the general election held in November, 1930, defendant was elected sheriff of Mille Lacs county for a four-year term. To qualify for that office it was necessary for him to furnish an official bond for $5,000. At his instance plaintiff became his surety. The bond was duly approved by the proper county officers and recorded.

As an inducement to the execution of the bond, defendant executed and delivered to plaintiff a written instrument whereby he agreed to pay plaintiff "any and all loss, costs, charges, suits, damages, counsel fees and expenses of whatever kind" that it might

"sustain or incur, or be put to," by reason of having executed the bond. He waived, as to the obligation mentioned, "the benefit of my exemption, or the homestead provision, to which I am entitled under the laws of any state of the United States." In addition, he agreed that vouchers or other evidences of payment, compromise, or settlement of any loss, by reason or in consequence of plaintiff having underwritten the bond, should be "prima facie evidence" of the fact of payment and of the extent of his liability to plaintiff.

During defendant's official term, February, 1934, an action was brought by one Mary Shakopee, as special administratrix of the estate of one Charles Shakopee, deceased, against defendant and plaintiff charging defendant with wrongful, negligent, unlawful, and illegal acts resulting in the death of her intestate while being confined in the county jail of Mille Lacs county and while in defendant's custody. Damages were sought because thereof. Plaintiff tendered to defendant the defense of the action, which he refused to accept. As a consequence plaintiff was required to employ counsel to attend to the defense thereof and necessarily incurred expenses in connection with investigation and preparation for trial. In so doing it necessarily paid out and expended $600 "as reasonable attorney's fees" and in addition $61.80 other necessary expenses. To recover these items plaintiff seeks recovery in this action.

The court was of the view that the instrument given by defendant to plaintiff was void because the statute relating to exemptions "is founded upon public policy," hence defendant was not "permitted to waive its provisions." In its memorandum the court cites and relies upon Heim v. American Alliance Ins. Co. 147 Minn. 283, 287, 288, 180 N. W. 225, 1022, and Fidelity & Casualty Co. v. Eickhoff, 63 Minn. 170, 178, 65 N. W. 351, 30 L. R. A. 586, 56 A. S. R. 464, and the cases therein referred to.

■ While good practice requires that a complaint should be drawn in accordance with a definite theory as to the nature of the cause of action and the relief sought, yet under our practice the absence of a definite theory is regarded as a defect of form and not a ground for demurrer. The remedy in such a case is by motion to make the

complaint more definite and certain or to compel an election. The primary object to be performed by pleadings is, under our code, "to enable the court to give judgment according to the facts stated and proved, without reference to the form used or to the legal conclusions adopted by the pleader. * * * The test of a complaint on general demurrer is not whether it states the precise cause of action intended, or whether the pleader appreciated the nature of his remedy, or asked for appropriate relief, but whether the facts stated, expressly or inferentially, giving to the language the benefit of all reasonable intendments show the plaintiff to be entitled to some judicial relief." 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 7528a, and cases cited under notes.

Defendant's liability is founded upon the theory that "when a contract of surety is made, an obligation is implied on the part of the principal that he will indemnify the surety for any payment the latter may make under the contract. Payment merely fixes the amount of damages for which the principal is liable and relates back to the time the contract was entered into." National Surety Co. v. Wittich, 184 Minn. 44, 46, 237 N. W. 690, 691. Defendant is responsible to plaintiff to the full extent of plaintiff's loss provided the loss does not exceed the penalty of the bond. And within that limitation the indemnitee, "as a necessary part of his damages * * * may also recover against his indemnitor interest and his expenses, including costs which have been awarded against him in the trial court on his unsuccessful defense of a claim after due notice to the indemnitor." 14 R. C. L. pp. 58, 59, § 17, and cases cited under notes. So it seems clear that if we are to give plaintiff's pleading "the benefit of all reasonable intendments" therein alleged, it is entitled to "some judicial relief," and as such the demurrer should have been overruled. Even if the instrument of indemnity were to be held invalid, still there is enough left of the complaint to justify a substantial recovery. This is so because, "If a party is obliged to defend against the act of another, against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit and

may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defence. And this rule, while consistent with legal principles, is sanctioned by the highest equitable considerations. If the party ultimately liable for his exclusive wrongdoing has notice that an intermediate party is sued for the wrong done by him, it is right, legally and equitably, that he take upon himself at once the defence of his own act, thereby settling the whole matter in a single suit; if he requires the intermediate party to defend, there is no rule of law or of morals which should relieve him from the consequences of his additional neglect of duty." Westfield v. Mayo, 122 Mass. 100, 109, 23 Am. R. 292. The first sentence of the above quotation was quoted and approved by this court in Fidelity & Casualty Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 233, 167 N. W. 800. The same rule was followed in Northern Welding Co. v. Jordan, 150 Minn. 12, 16, 184 N. W. 39.

█ Another matter argued by counsel deserves our attention. It is this: If it be assumed that the agreement of indemnity is void on the subject of waiver of statutory exemptions, is the entire contract affected thereby so as to nullify it *in toto?* The rule, of course, is well established that "where a contract is illegal only in part, and the illegal part is severable, the remainder will be enforced." 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1937) § 1881, and cases cited under note 90. Put in another form (see Simmer v. Simmer, Jr. 195 Minn. 1, 6, 261 N. W. 481), are "the strands of agreement so inextricably woven together, the lawful with the unlawful, that the result is a seamless fabric which it is beyond our power to divide so as to sever the lawful from the inhibition attending what is unlawful"? The legal principles involved and to be applied are there so thoroughly discussed and distinctions made between what is severable and what is not that no further comment is now deemed necessary. We think the contract is severable. The entire difficulty has for its foundation the claimed failure on defendant's part properly to discharge official duty. He failed, and later refused to take care of his own litigation caused thereby and

cast upon his surety the entire burden of defending in his behalf a cause for which it was responsible only as surety. It was not called upon to defend any misfeasance of its own. Full effect can and undoubtedly will be given, when and as needed, to defendant's rights under the exemption laws without thereby defeating plaintiff's obvious right of recovery in the present case. Benning v. Hessler, 144 Minn. 403, 175 N. W. 682; Weaver v. Lynch, 79 Colo. 537, 246 P. 789, 47 A. L. R. 299. (See also annotation 47 A. L. R. 300, *et seq.*) We think it is clear that these statutes and their application to plaintiff's right of recovery are not now involved.

The order is reversed.

